IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ELIZABETH KATHLEEN SANCHEZ**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:18-CV-2460-L** |
| | § | |
| **GILBERTO M. ABURTO and** | § | |
| **WESTERN DAIRY TRANSPORT, LLC,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On September 14, 2018, Plaintiff Elizabeth Kathleen Sanchez ("Plaintiff") filed this personal injury action against Defendants Gilberto M. Aburto ("Aburto") and Western Dairy Transport, LLC ("Western Dairy") (collectively, "Defendants"), alleging that "the [c]ourt has subject matter jurisdiction because there is complete diversity of parties and the claims for damages exceed $75,000." Pl.'s Original Compl. 2. Regarding the parties' citizenship, Plaintiff alleges that she "resid[es]" in Friona, Texas. Plaintiff alleges, based "[o]n information and belief" that: Aburto is a resident of Clovis, New Mexico; Western Dairy is a Delaware limited liability company doing business in Texas; and that "all members of Western Dairy [] are citizens of states other than Texas." *Id.* at 1-2. Regarding the amount in controversy, Plaintiff alleges that she "seeks damages in excess of the minimum jurisdictional limits of the [c]ourt." *Id.* at 2. The court issues this order because it questions whether it has subject matter jurisdiction based on the allegations in Plaintiff's Original Complaint ("Complaint") regarding diversity and the amount in controversy.

A federal court has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship

**Memorandum Opinion and Order – Page 1**

exists between the parties. 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly

and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

The law regarding the citizenship of natural persons is well established. A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). Allegations pertaining to citizenship that are made on "information and belief" are insufficient to establish citizenship, as "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Pennie v. Obama*, 255 F. Supp. 3d 648, 669 & 671 (N.D. Tex. 2017) (quoting *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith.

28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted). St*. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, when a case is initially filed in federal court based on diversity jurisdiction, the burden rests with the plaintiff to establish that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

Plaintiff has the burden of establishing subject matter jurisdiction, as this case was initially filed by her in federal court, and she is the party in this action seeking to invoke it. *See id.* Plaintiff's allegations regarding her and Aburto's residency and her allegations based on "information and belief," however, are insufficient to establish the citizenship of Plaintiff or Defendants.

The court also questions whether the requisite amount in controversy is satisfied. While Plaintiff alleges that her damages exceed $75,000, it is not facially apparent from Plaintiff's pleadings whether this claim is made in good faith because her Complaint is devoid of any factual allegations from which the court can estimate the potential amount of actual damages that may be awarded based on the negligence claims asserted. Plaintiff alleges in conclusory fashion that she "sustained serious and incapacitating injuries" when the tractor-trailer driven by Aburto collided with the back of her vehicle. She also alleges in conclusory fashion that she is entitled to recover damages for past and future: pain and suffering, mental anguish, physical disfigurement and impairment, medical expenses, loss of consortium, lost wages and earning capacity. These formulaic allegations, however, are not supported by facts regarding the injuries Plaintiff suffered. For example, the

allegations do not set forth the specific type or extent of injuries sustained, whether Plaintiff was hospitalized for an extended period of time, whether she underwent surgery, or whether the injuries sustained caused prolonged or permanent injury.

Plaintiff also seeks exemplary or punitive damages as a result of Defendants' alleged gross negligence, which are recoverable under Texas law and can be factored by the court in determining whether the amount in controversy is met. *United States Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284-85 (5th Cir. 2001). Again, however, without any factual allegations from which the court can assess the potential actual damages in this case, it has no way of reasonably inferring the potential for an award of exemplary damages. Moreover, while Plaintiff alleges that Aburto was "traveling at an unsafe speed for the rain and wet road conditions," and he violated certain Texas statutes regarding maximum speed requirements, a defendant's failure to pursue the safest course available or comply with a law or regulation does not, without more, establish gross negligence for purposes of recovering punitive damages under Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a)(3). *See Agrium U.S., Inc. v. Clark*, 179 S.W.3d 765, 767, 2005 WL 3092120 (Tex. App.—Amarillo 2005, pet. denied) (discussing gross negligence standard for recovering punitive damages under § 41.003). Likewise, Plaintiff's allegation that Western Dairy was negligent in hiring or retaining Aburto is insufficient without allegations, for example, that it actually knew he had been involved in prior accidents, lacked experience driving big trucks, had prior speeding tickets, or drove in a dangerous manner. *Id.* (citing *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 574 (Tex. 1985)). Accordingly, Plaintiff's allegations with respect to her negligence claims and damages are insufficient to establish that the amount in controversy is satisfied.

Given these deficiencies, the court must presume that this suit lies outside of its limited jurisdiction, unless Plaintiff can cure the jurisdictional deficiencies noted. *Pennie*, 255 F. Supp. 3d at 671 (quoting *Howery*, 243 F.3d at 919). Plaintiff shall, therefore, file an amended complaint that cures the deficiencies noted by **October 26, 2018.** *Failure to do so will result in the sua sponte dismissal of this action for lack of subject matter jurisdiction.*

**It is so ordered** this 12th day of October, 2018.

Sam A. Lindsay
United States District Judge